598

Common Pleas Court of Hamilton County.

## NATIONAL GUARANTEE & FINANCE CO. V. HENRY I. RAWSON.

Decided February 17, 1930.

*Davies, Hoover & Beall,* for plaintiff ·in error.
*William M. Vance,* for defendant in error.

SHOOK, J.

This cause comes into this court on error proceedings from a final judgment of the Municipal Court of Cincinnati, Ohio. Plaintiff in error, plaintiff below, in its Bill of Particulars claims a balance owing from the defendant upon a promissory note, secured by a chattel mortgage, the note being evidence of money owing as the result of the sale of an automobile. Judgment was entered for the defendant at the conclusion of all of the evidence. We have confined our attention to the principal assignment of error.

Defendant in his answer raises the issue of *res adjudicata,* offering in evidence as a part of the case, the record in cause No. 118848 of the Municipal Court of Cincinnati. It was, and is, the claim of defendant in error that the judgment in said cause finally disposes of the instant case.

We have carefully examined the record in cause No. 118848, *supra,* between these parties and find that the action was dismissed by the following entry:

"The defendant's motion to dismiss this action for failure of the plaintiff to answer certain interrogatories as required by law, should be, and hereby is, sustained, and said action is dismissed at plaintiff's cost, to all of which plaintiff excepts."

The court had power to make this order by authority of General Code, Sec. 11350.

"Answers to interrogatories may be enforced by an order of dismissal, judgment by default, or by attachment, as the justice of the case required."

On the subject of *res adjudicata,* the following language from the opinion of the Supreme Court, page 440, *Clark* v. *Baranowski,* 111 O. S., 436, is apropos:

"In cases where there is identity of parties and subject-matter, it is the settled law of this state that a former judgment is conclusive between the parties, not only as to matters actually determined but also as to any other matters which could, under the rules of practice and procedure, have been determined. There was complete identity of parties, subject-matter and issues between the suit in the common pleas and that in the municipal court. This is fully set forth in the cross-petition, and admitted by the demurrer. The doctrine of *res adjudicata,* if applicable and established, treats the former judgment as a final determination, and as speaking the infallible truth as to the rights of the parties in the subject-matter of the controversy."

This is a well settled rule in Ohio. See: *Koelsch* v. *Mixer, Admr.,* 52 O. S., 207; *Hixson* v. *Ogg,* 53 O. S., 361; *Schram* v. *City of Cincinnati,* 105 O. S., 324; *Lampin, Excr.,* v. *Robinson,* 32 O. C. A., 401; *Hull* v. *Norris, Excr.,* 30 O. C. A., 293.

However, in each and all of these cases, there was not only an identity of parties and subject matter, but a determination of the issues involved.

In the case of *Clark* v. *Baranowski, supra,* the Supreme Court says that the former judgment is conclusive between the parties

"not only as to matters actually determined but also as to any other matters which could, under the rules of practice and procedure, have been determined."

However, there was a hearing and determination of the issues in that case and in all of the cases cited. In the instant case, it is not claimed that there was such a determination in the prior action. Therefore, the defense of *res adjudicata* cannot be maintained. See also Section 11233 G. C.

"In an action commenced or attempted to be commenced, if in due time a judgment for the plaintiff be reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date or reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representative may commence a new action within one year after such date, and this provision applies to any claim asserted in any pleading by a defendant."

While the time limited for the commencement of the case under consideration had not expired prior to the commencement of such action, if the time had expired, this section of the General Code clearly recognizes that there could be no bar to the filing of a subsequent action, unless the plaintiff should fail upon the merits, or in the case of a judgment having been reversed.

The case of *Moore* v. *Dunn*, 41 O. S., 62, is directly in point. The syllabi reads:

"In an action by M against D, a demurrer to the petition was sustained for want of a material averment therein, and M failing to amend, judgment was given for D.

"M afterward brought another action against D, upon the same cause of action, and in his petition supplied the material averment wanting in the petition in his first action.

"*Held*: That the judgment in the first action was not a bar to the cause of action alleged in the second one."

On page 64 the correct rule is stated as follows:

"The cases are authority for the rule that, when issues have once been determined between the parties involving the merits of the matters in controversy, the same issues will not be heard again, even though the same issues may be supported by a different state of fact."

To the same effect, see: *Brown* v. *Brunner*, 10 O. A. R., 314; *Rafferty* v. *The Traction Co.*, 1 O. C. C. (N. S.), 538.

Therefore, the action of the trial court in dismissing the former case for failure to answer interrogatories being authorized by law, nevertheless, such action was not a bar to the filing of a subsequent suit and the defense of *res adjudicata* does not apply.

Therefore, the judgment of the Municipal Court must be, and hereby is reversed.